# EXHIBIT "A"

TIME 1120   DATE 1-22-17
SERVED Alisha Mansell
RELATIONSHIP RA-Corporation Service Company
ADDRESS 2180 S 1300 E #650
                                    SERVER
TD's LEGAL PROCESS LLC    964-9393

William J. Hansen, Bar No. 1353
CHRISTENSEN & JENSEN, P.C.
15 West South Temple, Suite 800
Salt Lake City, UT 84101-1572
Telephone: (801) 323-5000
Facsimile: (801) 355-3431
william.hansen@chrisjen.com

John Edward Hansen, Bar No. 4590
SCALLEY READING BATES HANSEN
 & RASMUSSEN
15 West South Temple, Suite 600
Salt Lake City, UT 84101
Telephone: (801) 531-7870
Facsimile: (801) 531-7968
hansen@scalleyreading.net

*Attorneys for Plaintiff*

### IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

### SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| KRAIG J. BROWN,<br><br>            Plaintiff,<br>vs.<br><br>FLUOR CORPORATION, a Delaware corporation, dba FLUOR ENTERPRISES, INC.; and HEXCEL CORPORATION, a Delaware corporation,<br><br>            Defendants. | **SUMMONS**<br><br>Civil No. 130907960<br>Judge Keith Kelly<br>Tier 3 |

TO:   Fluor Corporation dba Fluor Enterprises, Inc.
       Corporation Service Company, Registered Agent
       2180 South 1300 East, Suite 650
       Salt Lake City, Utah 84106

YOU ARE HEREBY SUMMONED and required to file an answer in writing to the attached Complaint with the clerk of the above Third Judicial District Court, Salt Lake County, 450 South State Street, Salt Lake City, Utah 84111, and to serve upon, or mail to, William J. Hansen, Christensen & Jensen, P.C., 15 West South Temple, Suite 800, Salt Lake City, Utah 84101, and John Edward Hansen, Scalley Reading Bates Hansen & Rasmussen, 15 West South Temple, Suite 600, Salt Lake City, Utah 84101, attorneys for Plaintiffs, a copy of said answer **within twenty (20) days** after service of the Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint which has been filed with the clerk of said Court, and a copy of which is hereto annexed and herewith served upon you.

DATED this 21ST day of November, 2013.

CHRISTENSEN & JENSEN, P.C.

/s/ William J. Hansen
William J. Hansen
John Edward Hansen
*Attorneys for Plaintiff*

Please Serve:

Fluor Corporation dba Fluor Enterprises, Inc.
Corporation Service Company, Registered Agent
2180 South 1300 East, Suite 650
Salt Lake City, Utah 84106

2

William J. Hansen, Bar No. 1353
CHRISTENSEN & JENSEN, P.C.
15 West South Temple, Suite 800
Salt Lake City, UT 84101-1572
Telephone: (801) 323-5000
Facsimile: (801) 355-3431
william.hansen@chrisjen.com

John Edward Hansen, Bar No. 4590
SCALLEY READING BATES HANSEN
  & RASMUSSEN
15 West South Temple, Suite 600
Salt Lake City, UT 84101
Telephone: (801) 531-7870
Facsimile: (801) 531-7968
hansen@scalleyreading.net

*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

SALT LAKE COUNTY, STATE OF UTAH

| KRAIG J. BROWN,<br><br>  Plaintiff,<br><br>vs.<br><br>FLUOR CORPORATION, a Delaware corporation, dba FLUOR ENTERPRISES, INC.; and HEXCEL CORPORATION, a Delaware corporation,<br><br>  Defendants. | **COMPLAINT AND JURY DEMAND**<br><br><br>Civil No. 130907960<br>Judge Keith Kelly<br>Tier 3 |
|---|---|

Plaintiff, Kraig J. Brown, by and through his counsel of record, hereby contends, complains, and alleges against defendants as follows:

## PARTIES

1. Plaintiff Kraig Brown is a resident of Salt Lake County, State of Utah.

2. Fluor Corporation dba Fluor Enterprises, Inc. (hereinafter "Fluor") is a foreign corporation, doing business in Salt Lake County, State of Utah.

3. Hexcel Corporation (hereinafter "Hexcel") is a foreign corporation, doing business in Salt Lake County, State of Utah.

## JURISDICTION AND VENUE

4. Original jurisdiction and venue are proper because the events complained of and the injuries bringing rise to this action occurred in Salt Lake County, State of Utah.

5. Venue is also proper in this Court because defendants are doing business in Salt Lake County and plaintiff resides in Salt Lake County, State of Utah.

6. The damages complained of herein exceed $300,000 exclusive of costs and interest.

## FACTUAL BACKGROUND

7. On or about June 13, 2011, Kraig Brown was a union millwright carpenter employed by BFC Industrial Supply.

8. BFC Industrial Supply had been retained by Hexcel Corporation to do the millwright carpentry work on the carbon fiber plant located at 6700 West 5400 South, Kearns, Utah.

9. Defendant Hexcel was the general contractor and construction manager on the project.

10. Defendant Hexcel had retained the services of Fluor Enterprises, Inc. to act as supervisor and construction manager of the project.

11. Defendant Fluor was also acting as the general contractor in addition to the construction supervisor and construction manager on the project.

12. At the time of the accident, Kraig Brown was assisting a co-worker in placing a large chain guard over one of the chains in an "oven" on one of the roller towers.

13. The roller tower where Kraig Brown was working was approximately 15 feet above ground level.

14. As Kraig Brown moved around to assist his co-worker in lifting the chain guard, Kraig Brown slipped and fell through an opening in the guardrail that had been placed around the edge of the tower by either Hexcel or Fluor.

15. Kraig Brown fell approximately 15 feet to the ground below.

16. At the time of the accident, Hexcel and/or Fluor had installed guardrails around the edge of the roller tower with gaps in the railing.

17. There were no other protective barriers around the edge of the tower.

18. Further, there was no warning tape or other protective devices in place.

19. Kraig Brown was seriously injured in the 15 foot fall, including a broken shoulder blade and several broken ribs, compression fractures of his thoracic spine, collapsed lungs, ear and scalp lacerations, and trauma, which required emergency care in the intensive care unit at Intermountain Medical Center.

### FIRST CAUSE OF ACTION
(Negligence against Hexcel)

20. Plaintiff realleges and incorporates all preceding and succeeding paragraphs, as though restated and fully set forth herein.

21. As the general contractor and construction manager, defendant Hexcel breached its duty of care to plaintiff by, among other things:

   a. Constructing a guardrail with gaps in it.

   b. Failing to properly exercise and maintain a place of employment which was free from recognized hazards that were likely to cause death or serious physical harm to an employee of subcontractors or others.

   c. Failing to provide a competent person to enforce safety regulations.

   d. Failing to have a competent person exercise proper control of the job site.

   e. Failing to have guardrails or other fall restraints properly in place, protecting workers on the roller tower from falling at the time of the accident.

   f. Failing in its responsibility to install warning tape or otherwise warn and protect against hazardous areas.

   g. Failing to safely plan and carry out the work on the commercial facility identified above.

   h. Failing to notice the gaps in the guardrails and to correct the dangerous condition of the guardrails.

22. Defendant Hexcel knew or should have known that it was dangerous and unsafe to construct a guardrail with gaps in it or to allow such a rail to be on the jobsite.

23. As a direct and proximate result of the previously mentioned negligent acts of defendant Hexcel, plaintiff Kraig Brown has incurred special damages, including but not limited to, medical and related expenses, past and future loss of income, and past and future loss of household services.

24. As a direct and proximate result of the previously mentioned negligent acts of defendant Hexcel, plaintiff Kraig Brown has suffered serious and permanent injuries including substantial pain and suffering, and loss of enjoyment of life, all to be included in plaintiff's general damages, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Negligence Against Fluor)

25. Plaintiff realleges and incorporates all preceding and succeeding paragraphs, as though restated and fully set forth herein.

26. As the general contractor, construction manager, and project supervisor, defendant Fluor breached its duty of care to plaintiff by, among other things:

   a. Constructing a guardrail with gaps in it.

   b. Failing to properly exercise and maintain a place of employment which was free from recognized hazards that were likely to cause death or serious physical harm to an employee of subcontractors or others.

   c. Failing to provide a competent person to enforce safety regulations.

   d. Failing to have the competent person exercise proper control of the job site.

    e.    Failing to have the guardrails or other fall restraints properly in place, protecting workers on the roller tower from falling at the time of the accident.

    f.    Failing in its responsibility to install warning tape or otherwise warn and protect against hazardous areas.

    g.    Failing to safely plan and carry out the work on the commercial facility identified above.

    h.    Failing to notice the gaps in the guardrail and to correct the dangerous condition of the guardrails.

27. Defendant Fluor knew or should have known that it was dangerous and unsafe to construct a guardrail with gaps in it or to allow such a rail to be on the jobsite.

28. As a direct and proximate result of the previously mentioned negligent acts of defendant Fluor, plaintiff Kraig Brown has incurred special damages, including but not limited to, medical and related expenses, past and future loss of income, and past and future loss of household services.

29. As a direct and proximate result of the previously mentioned negligent acts of defendant Fluor, plaintiff Kraig Brown has suffered serious and permanent injuries including substantial pain and suffering, and loss of enjoyment of life, all to be included in plaintiff's general damages, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (Premises Liability)

30. Plaintiff realleges and incorporates all preceding and succeeding paragraphs as though restated and fully set forth herein.

31. Defendants Hexcel and/or Fluor were the owner and/or possessor of the premises where the injury occurred.

32. As the owner and/or possessor or the land where the injury occurred, defendants breached their duty of care to plaintiff by, among other things:

    a. Allowing a dangerous condition to exist on the premises.

    b. Allowing plaintiff to work on the roller tower, when they knew or should have known of the dangerous latent condition on the premises.

    c. Failing to warn plaintiff and/or his employer of the dangerous condition on the premises.

33. Defendants should have expected that a subcontractor such as plaintiff would fail to protect himself against the dangerous condition existing on the premises, and should have exercised reasonable care to protect plaintiff.

34. Defendants should have anticipated the harm despite the nature of the danger, and defendants had a duty to protect subcontractors such as plaintiff from the obviously harmful conditions on the property.

35. Defendants failed to warn or to take other reasonable steps to protect subcontractors such as plaintiff where they have failed to protect themselves against what were obvious and dangerous conditions.

36. Defendants had, or should have had, reason to believe that their subcontractors, including plaintiff, would proceed to encounter the dangerous condition because to a reasonable person in plaintiff's position, the advantage of doing so would outweigh the apparent risk.

37. As a direct proximate result of defendants' negligence and the dangerous condition that existed on the premises, plaintiff has incurred special damages, including, but not limited to, medical expenses and lost wages, in amounts to be proven at trial.

38. As a further direct and proximate result of the aforesaid negligent acts of defendants and the dangerous condition that existed on the premises, plaintiff has suffered serious and permanent injuries including substantial pain and suffering, loss of enjoyment of life, among other damages, all to be included in plaintiff's non-economic damages, in an amount to be proven at trial.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For non-economic damages in an amount to be proven at the trial of this matter.

2. For special damages in an amount to be proven at trial.

3. For plaintiff's costs and expenses of litigation incurred herein.

4. For prejudgment and post-judgment interest as allowed by law until the judgment is paid in full.

5. For such other and further relief as the court deems just and equitable under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury and submits to the Court the statutory jury fee.

DATED this 21ST day of November, 2013.

CHRISTENSEN & JENSEN, P.C.

/s/ William J. Hansen
William J. Hansen
John Edward Hansen
*Attorneys for Plaintiff*

Plaintiff's Address:

Kraig Brown
881 Onyx Lane
Sandy, Utah 84094